381 So.2d 517 (1979)
Willard HAMILTON
v.
Suzanne HAMILTON.
No. 12748.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Mary Olive Pierson, Charles L. Miller, Baton Rouge, Donna D. Fraiche, New Orleans, for plaintiff-appellee Willard Hamilton.
*518 Dennis R. Whalen, Baton Rouge, for defendant-appellant Suzanne Hamilton.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge:
This is a suit for partition of certain property held in common by Willard Hamilton and Suzanne Hamilton, who were married in 1973, legally separated in 1977, and subsequently divorced. At issue is the status of certain items which were shower gifts, received prior to the marriage.
Mrs. Hamilton claims them to be her separate property, because they were given to her as manual donations at a miscellaneous shower given for her prior to the marriage. Mr. Hamilton claims that the gifts were made to both of the parties in contemplation of the marriage. There is no evidence in the record as to whether the donors intended the gifts to be for Mr. Hamilton, Mrs. Hamilton or both of them.
The items in question include eight dinner plates, one salad plate, one bread and butter plate, three cups and saucers and a vegetable bowl; two ice tea glasses and two water glasses; some monogrammed glasses; two silver trays; a ceramic soap dish, a cake and pie saver, a candle holder, wooden salt and pepper shakers, a coffee percolator and some towels. The trial judge was of the opinion that these items were "obviously for the use of plaintiff and defendant jointly", and concluded that the parties owned them in common.
Article 1539 of the Civil Code provides:
"The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality."
The validity of the manual donation is dependent on the intention of the donor to give and the delivery of the thing to the donee. The intention of the donor controls the identity of the donee or donees. The delivery may be made to the donee, or to one of them, if there be more than one, or even through a third party. See Aubry et Rau, Droit Civil Français, Civil Law Translations, v. 3, § 659; Planiol, Traité Élémentaire de Droit Civil, v. 3, part 2, § 2538 et seq. (Louisiana State Law Institute Translation); Faison v. Patout, 212 La. 37, 31 So.2d 416 (1947).
Although the gifts in this case were made at a shower given for the bride, Mrs. Hamilton, before the wedding, we find that the intent of the donors is the fact controlling the present ownership of the gifts. We agree with the trial judge that, absent any proof as to the intent of the donors, it must be presumed that gifts of the nature here involved, which would appear to be for use by both parties, are therefore jointly owned by them.
The judgment appealed from is therefore affirmed, at the cost of defendant, Mrs. Hamilton.
AFFIRMED.